## TINNEY v. PIERREPONT.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

1. ATTORNEY AND CLIENT—VALUE OF ATTORNEY'S SERVICES.

An attorney who performs personally services which are ordinarily performed by clerks and office boys is not entitled to the same rate of compensation as for services which only attorneys can perform.

2. SAME—UNNECESSARY CONSULTATIONS.

An attorney is entitled to compensation for consultations, which, though unnecessary, were demanded by the client.

3. ACCOUNT STATED—WHAT CONSTITUTES.

Plaintiff in an action for legal services testified that, when he presented his bill to defendant, she asked whether she should draw a check at once, or whether plaintiff would call at a later day. Defendant testified that she was astonished at the amount of the bill, and said, "You will call here on Monday evening, and I will see you about it;" that he called accordingly, and she told him that he was not charging her right, and that she could not pay the bill, and that her remark about the check was ironical. *Held*, that an account stated was not shown.

Appeal from judgment on report of referee.

Action by Bernard J. Tinney against Margaretta Pierrepont. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Joseph H. Choate, for appellant.
Charles F. Brown, for respondent.

WILLARD BARTLETT, J. This is an action by an attorney and counselor at law to recover a balance of $7,500, which he claims to be due to him from the defendant for professional services rendered by him upon her retainer in various matters during the years 1892, 1893, and 1894. The claim also includes items of money paid out and expended by the plaintiff for the defendant at her request. The case was tried before a referee, who directed judgment for the plaintiff in the sum of $2,951, with interest from the 1st day of July, 1894, and judgment was entered accordingly. The referee filed a decision, under section 1022 of the Code of Civil Procedure, stating concisely the grounds upon which the issues had been decided, and an exception was duly filed to such decision, which authorizes this court to review all the questions of fact and law in the case. There is no doubt that the plaintiff was employed by the defendant as her attorney and counselor at law, or that he rendered to her services of considerable value in that capacity. We are satisfied, however, that the amount awarded by the referee is excessive. We have carefully gone over each item of the plaintiff's bill of particulars, and read all his testimony in support of each; but we have found hardly a single instance in which the charge made does not seem to us very much larger than the work warranted.

The only litigation of any importance which was conducted by the plaintiff for the defendant was a foreclosure suit relating to lands in Long Island City, in which judgment was eventually taken by de-

fault. In the bill which he presented to Mrs. Pierrepont for his services in this suit, Mr. Tinney placed their value at $3,000, making his total charge, including costs and expenses, upward of $4,000. We are of the opinion that an attorney would be amply compensated for the work done in this action by the payment of $300 in addition to the taxable costs and reimbursement for his actual and necessary expenditures. Assuming that the plaintiff performed, just as he swears he did, the other professional work covered by the bill of particulars, we think that $1,000 would be ample compensation under the circumstances, and that the referee should not have allowed more than that amount. While Mr. Tinney appears to have been most faithful and zealous in attending to the interests of his client, a great deal of the work which he did personally appears to have been such as is ordinarily committed to clerks and office boys, and which cannot properly be charged for at any such rates as those specified in his bill of particulars. We do not lose sight of the fact that the defendant was apparently, in some respects, an exacting client, and demanded personal interviews with the plaintiff, when others would have been satisfied by fewer visits, and would have been content with written reports of what counsel was doing; but we have allowed for this trouble on his part in the above estimate of $1,000 for the services outside those in the mortgage foreclosure suit.

In the referee's report he not only finds that the plaintiff is entitled to recover $2,951 on a quantum meruit, but also that on the 1st day of July, 1894, the parties came to an accounting in relation to the plaintiff's professional services, upon which accounting the said sum was found to be due, "which amount the said defendant then and there promised and agreed to pay to the plaintiff." This finding grows out of an interview between Mr. Tinney and Mrs. Pierrepont at the time when Mr. Tinney presented his bill in the matter of the foreclosure of the Long Island City mortgage. According to Mr. Tinney, Mrs. Pierrepont then promised to pay the bill; but it seems her promise was expressed by a question from her as to whether she should go upstairs then and there to draw a check, or whether the plaintiff would call on Monday. Mrs. Pierrepont, on the other hand, testified that the bill was not wholly made up when Mr. Tinney presented it, and that he said he did not know what to charge her, and wished she would put down the charge herself. "Then he put down $4,000. The items were all there as he put it down, $4,000, and explained to me that the $3,000 was the foreclosure, and the $1,000 was for the items,—these things that he did for me. I looked at it with a great deal of astonishment. I had no such thought of any such money. I said he would like to have this this evening, and he made this remark which is true, something about at my pleasure. I said, 'You will call here on Monday evening, and I will see you about it,' which he did." Upon the Monday, plaintiff called, and Mrs. Pierrepont told him that he was not charging her right; that he knew it was wrong; and that she could not pay the bill. She declared on the witness stand that her remark about the check, in the first instance, was only a little diplomacy, and that she spoke ironically. Taking into consideration just what actually occurred at this inter-

view, as narrated by both witnesses, and omitting their inferences, we do not think there was enough to justify the conclusion that an account was then and there stated between the parties, which the defendant promised to pay.

For the reasons stated, the judgment must be reversed, and a new trial granted, on account of the excessive amount awarded by the referee, unless the plaintiff will stipulate to reduce the recovery to $1,251, with interest from July 1, 1894. This allows him the costs in the foreclosure suit, as taxed, the various items for expenses, etc., which were contained in his bill, and $300 additional on account of his services in that case, making $1,301.38 in all in the foreclosure suit. To this is to be added $1,000 for his other professional work, making a total of $2,301.38. From this aggregate is to be deducted $1,050.38 on account of checks received by the plaintiff from Mrs. Pierrepont or to her use, leaving a balance of $1,251, as aforesaid. In case such a stipulation is given, the judgment as thus reduced will be affirmed, without costs to either party. All concur.